# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00468-COA

**JASON RON BROOKS A/K/A JASON R. BROOKS A/K/A JASON BROOKS**                 APPELLANT

v.

**STATE OF MISSISSIPPI**                 APPELLEE

DATE OF JUDGMENT:               03/08/2018
TRIAL JUDGE:                    HON. GEORGE M. MITCHELL JR.
COURT FROM WHICH APPEALED:      CHOCTAW COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         OFFICE OF STATE PUBLIC DEFENDER
                                BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LAURA TEDDER SHARP
DISTRICT ATTORNEY:              DOUG EVANS
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 10/22/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Jason Ron Brooks was convicted of aggravated driving under the influence and sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC).  Finding no arguable issue on appeal, Brooks's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).  Brooks was given additional time to file a supplemental brief but did not.  After an independent review of the record and the briefs, we conclude that there are no reversible issues and affirm Brooks's conviction and sentence.

## FACTS

¶2. Jason Ron Brooks was driving under the influence when he struck Marion McCullock's car, causing it to roll multiple times. As a result, McCullock was severely injured with multiple shattered and fractured bones, lacerations, and a concussion. Her doctor testified that McCullock was "permanently altered" due to her injuries.

¶3. Security-camera footage captured the wreck, of which a ten-second clip was shown to the jury. At a pre-trial hearing, Brooks sought to suppress the video evidence or, in the alternative, present the video in its entirety. The motion to suppress was denied, and Brooks was granted permission to show the video in mitigation, which he declined to do.

¶4. There was another motion hearing on the admissibility of the intoxilyzer test. Brooks challenged the validity of the results, arguing that the administering officer did not comply with the requisite twenty-minute observation period. After hearing testimony from the officer and watching footage from his body camera, the trial court found that the intoxilyzer test was properly administered.

¶5. Brooks also sought to suppress any statements made while he was in custody and being questioned. At the hearing on the motion, Brooks's father testified that Brooks never received his *Miranda* rights.[1] However, the arresting officer testified that he had informed Brooks of his rights. After watching video footage from the officer's body camera and listening to the testimony presented, the trial court found the officer properly administered *Miranda*.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶6. After his conviction and sentence, Brooks filed a motion for a judgment notwithstanding the verdict and an alternative motion for a new trial, both of which were denied.

¶7. Brooks's appeal was assigned to the Mississippi Office of Indigent Appeals. His counsel filed a brief pursuant to *Lindsey*, representing to having "scoured the record" and unable to find any appealable issues. Brooks was granted an additional forty days to file a supplemental pro se brief, but he did not file a brief.

**DISCUSSION**

¶8. In *Lindsey* the Mississippi Supreme Court adopted a procedure "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Id*. at 748 (¶18).

¶9. The first step of this procedure is for the appellate counsel to "file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)] . . . ." *Id*. Second, counsel must certify in his or her brief that

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusions after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id*. Third, counsel must send a copy of his brief to the defendant, inform the defendant that no appealable issues were found, and advise the defendant of the right to file a pro se brief.

*Id*. Fourth, the appellate court will determine, based on its review of the record and any pro

se brief filed, if there is any arguable issue. *Id*. If so, the court will require appellate counsel to submit supplemental briefing on that issue "regardless of the probability of the defendant's success on appeal." *Id*. Last, "[o]nce briefing is complete, the appellate court must consider the case on the merits and render a decision." *Id*.

¶10. Brooks's appellate counsel asserted that pursuant to *Lindsey* they had scoured the record and were unable to identify any arguable issues warranting appellate review. Counsel informed Brooks accordingly and advised him of his right to file a pro se brief. Brooks did not. The State agrees with Brooks's counsel that the case is devoid of an arguable issue and asks that Brooks's conviction and sentence be affirmed.

¶11. After a thorough and independent review of the record, including the indictment, all pretrial and post-trial motions, the trial transcript, and the trial exhibits, we find that no arguable issue exists warranting reversal. We therefore affirm Brooks's conviction and sentence.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**